Good morning. Edie Cunningham of the Federal Defender's Office on behalf of Mr. Tovar-Jimenez. I'd like to reserve three minutes for rebuttal, if possible. The prior conviction in this case does not qualify as generic statutory rape because the Washington statute does not require sexual penetration. Even if this Court agrees with that and remands on that basis, it should address the other sentencing arguments because the issues are likely to occur on recent cases has requested upward variances based on the facts of the underlying offense. So if we do go back, we anticipate that that will happen, but Mr. Tovar will have no meaningful opportunity for relief because his sentence will expire in August 2015, and he's already served about 21 months. But I'd like to focus on the statutory rape issue. On its base, the Washington statute prohibits intercourse, but that definition includes oral and anal contact without penetration. Zamorano-Ponce did not address that issue. There, the issue was whether generic statutory rape requires a knowingly mens rea. Gomez recently made clear that generic statutory rape does not include oral sexual contact, and that conclusion is consistent with this Court's prior treatment of the issue, and Lopez-Deliz. I think Gomez was withdrawn by the panel. Your Honor, actually, this is the amended Gomez opinion that came out a few weeks ago, and to my knowledge, that is good law. It just changed the rationale for the holding that the 4-year age difference. But it also rejected the, explicitly rejected Tovar Jimenez's reading of the language, did it not? Your Honor, we were in an interesting position when we filed the brief because of Gomez, and so we made alternative arguments, one, that statutory rape required a knowingly mens rea because that seemed to be consistent with Gomez, and another, that statutory rape, alternatively, statutory rape required penetration. The revised Gomez opinion cleared that up. We're no longer arguing that statutory rape requires a knowingly mens rea. That's out. That's out. But they followed the Zamorano-Ponce on that. Yes. They followed that ultimately, and unless that issue is revisited by the en banc court, we accept that. And the Zamorano-Ponce controls in this case, do you agree? No, Your Honor, not on the penetration issue, because in Zamorano-Ponce, the only issue raised was whether statutory rape requires a knowingly mens rea. The Court seemingly presumed that the sexual intercourse prohibited by the Washington third degree rape of a child statute included penetration. The Court did not cite Washington's definitional statute, which is a different statute within the same chapter, which is cited in the briefs. It's 9A440101. That definition includes three variations. The first is traditional intercourse with penetration. The second is penetration of the anal or vaginal penetration by object. But the third, 1C, is mere oral or anal contact. But I – forgive me, counsel. I thought that Zamorano-Ponce held that a conviction under Section 9A.44.079 qualified categorically as statutory rape. Is that incorrect? On its face, it did. But, Your Honor, the Court did not analyze the intercourse penetration issue. That issue was not raised by the parties. It was – it was just – But statutory rape, does it matter? I mean, we're talking about a victim that cannot consent as a matter of law. So does it really matter in this case? Whether it's – Whether there's penetration? Well, yes, Your Honor. The fact that the victim cannot consent as a matter of law, that is an issue that's been decided by Caceres-Olla. That does not qualify the conviction as a forcible sex offense. That's the rule of United States v. Caceres-Olla. And I would like to address some of the other aspects of the argument. But before I do that, I would like to direct the Court's attention to United States v. Johnson 256 F3rd 895, which is an en banc case which explains why, because the Zamorano-Ponce court did not address or consider the penetration intercourse issue, this panel is free to clarify that. Could you – Yes. What about the Washington Supreme Court in the French case? Your Honor, the French case, which I looked at again yesterday, did not address the third variation of sexual intercourse in Washington. It was dealing with other – the other two variations, which do require penetration. And if you look at the jury instruction in Washington and also Washington opinions of Bunch and Land, which are discussed on the reply – in the reply brief on page 22, the Washington jury instruction is cited in the 28J file. I believe it's docket 46. It was filed on Monday. It's clear under Washington law that sexual intercourse, oral and anal mere contact constitutes sexual intercourse under Washington law. And this is inconsistent with the rule under the Model Penal Code in the vast majority of states. The Model Penal Code requires penetration even for anal and oral intercourse. The full definition of the Model Penal Code is provided in the defendant's 28J46. The government's 28J omitted that part of the definition. The substantial majority of states require some form of penetration. Those statutes are cited in the opening brief and also revisited in the 28J file. Again, docket number 46 filed Monday. The government did not dispute and still has not disputed, even in its 28J filed Friday, it still didn't dispute that sexual intercourse requires some form of penetration. So if you look at French and the Washington jury instructions, does that solve the issue, or do we need to look at our cases as well? Or is it really that tells us what the parameters are for this crime in terms of penetration? Your Honor, French does not address the third variation, but if you look at Bunch and Land and the Washington jury instructions, and Bunch and Land are discussed in the reply brief on page 22. And it's really the only logical interpretation that statutory rape requires some penetration because it's a strict liability crime. There's not even a knowingly mens rea. And Washington is very, very unusual in imposing strict liability without a mens rea. There are only a handful, maybe five states that do that. Most states, even most states that cover anal or oral contact within their definition of intercourse require sexual intent for those variations, but Washington does not. And sexual abuse of a minor already covers contact. This Court's definitions of oral, excuse me, sexual abuse of a minor, it does require a mens rea, but it's already covered. And so it makes sense under principles of statutory interpretation to require penetration for statutory rape, and then sexual abuse of a minor covers other forms of contact. And that's consistent with the analysis of Caceres-Oya on statutory interpretation. Yes, Your Honor. Thank you. Good morning again, Your Honor. Erica Sager on behalf of the District of Arizona. This Court should apply a plain error standard of review to the defendant's arguments with regard to the applicability of the sentencing enhancement. The District Court in this case did not plainly err in imposing a 16-level sentencing enhancement for the defendant having violated a crime of violence. In this case, the defendant did not object to the imposition of the 16-level sentencing enhancement at the trial court level. He did, however, present arguments as to why the 16-level enhancement may not be empirically based and other sentencing factors, but there was no actual objection to the guideline calculations in the pre-sentence report before the District Court. Does such an objection have to be that specific, or can it just be what he did here? Your Honor, it needs to be specific, because the District Court needs to have the first opportunity to evaluate the arguments and to rule on the specific guideline range objections. As this Court has held, the standard that the District Court first needs to correctly calculate the guideline range before moving on to the 3553A factors. And the District Court in this case was not provided the opportunity to do that because there was no objection to the guideline calculations. I would assume that the defense would say, well, there's real prejudice here because this makes a huge difference whether or not he has this prior conviction. He didn't get a chance to argue that or whatever. Do you think this meets the plain error standard in the third prong? That the government was prejudiced, Your Honor? No, no, no, that the defendant was prejudiced. Otherwise, when you review for plain error, the third prong is whether or not basically he got a fair treatment. And my question is, given the arguments made by opposing counsel, which apparently didn't occur at this stage, certainly, of the sentencing, is there prejudice enough to the defendant that we really can't benefit the government applying plain error review? No, Your Honor, there's not. Because when this defendant was sentenced before the District Court, and even now, United States v. Zamorano Ponce was directly on point and categorically held that the defendant's prior conviction was, in fact, statutory rape. Well, it says that, but it fails in the analysis of the Washington statute. I mean, I think the government has to concede that the statement in Zamorano Ponce is inconsistent with the Washington statute because of the third prong. Your Honor, I would agree that the Zamorano court did not conduct an analysis into the definition of sexual intercourse. But in this case, the defendant ---- Well, that's what your counsel, opposing counsel, also says. They sort of stopped one short on that issue, so that we're not bound by Zamorano Ponce on this issue because they didn't decide it in that panel. Do you agree with that? It is a different issue presented before this Court today, yes, Your Honor. But when we look back at what the District Court had the benefit of, this argument was not made before the District Court. So the District Court did not have the opportunity to determine whether or not the statute was divisible to, if it is divisible, to apply a modified categorical approach. The government did not have the opportunity to obtain additional documents with regard to the defendant's prior conviction. And I would note that the defendant did file extensive commentary on both the guideline calculations and the 3553A factors, but he noticeably did not object to the guideline range. And so it was a conscious decision, presumably, on the part of the defendant in this case not to raise this issue because of Zamorano Ponce. Stop for a second. He did not object to the guideline range. He attacked the guideline range. He argued it on a different ground, the age question. But he certainly, it's an overstatement, it seems to me, to say that he didn't attack it. No, Your Honor, he didn't argue it on it. He argued that the 16-level enhancement was not empirically based. He did not argue that the statute itself didn't qualify for a 16-level enhancement. He argued that the 16-level enhancement itself as a standard would be a good thing. But he did not argue that the 16-level enhancement was not a good thing. And so I think that there's a lot of difference between those two arguments. I don't want to waste your time, but I mean, if I hear what you're arguing, all that does is take it back to the district court on a 2255 for ineffective assistance of counsel. He didn't argue the right things, and therefore I need to have a resentencing. Your Honor, that would be, again, something that, you know, in the case of the 16-level enhancement, that would be a different situation, whether or not the court chose to have a hearing on any 2255 claim. That's not what's before the court today. I have a question for you. I want to be sure. Was the statute that Mr. Tovar Jimenez was convicted of Section 9A.44.079 of the Washington statute? Yes, Your Honor. That is, okay. It's the exact same statute as in Zamorano-Ponce. Okay. All right. One of the other issues that comes up here is he had a lot of objections, one that he had not been sentenced for all that long, so that the state judge obviously didn't see this so that serious, et cetera. And the district court kind of blew through all of those, basically, without any kind of recognition. Sort of I overrule all the objections. Isn't that at odds with our case law that says you have to give some reason to decision? How can we even review that? Your Honor, I have two responses to that inquiry. The first is that the defendant, it's clear from the record that the district court did consider the defendant's objections because he did sustain the defendant's objections with regard to the third point for acceptance of responsibility. So there is an indication in the record that the district court did, in fact, consider the defendant's objections. Second, when imposing sentence, the district court listed two specific factors under 3553A that he believed were important for determining whether or not the sentence was appropriate. So that part seems to me to satisfy our requirement that you give some reason for the sentence. Correct. You don't have to tick through all the 3553A. But that doesn't really answer the objections because he basically says I overrule all the other objections. And I'm a little concerned that I don't even know how we could review that under abuse of discretion standard because we don't have any idea why those other objections were overruled. Your Honor, this court has routinely held that a sentence within the guideline recommendations is reasonable. And in this case, we have a, the judge imposed a sentence at the low end of the guideline range after sustaining one of the defendant's objections. And that may well be, but does that, the fact that you impose a within guideline range sentence does not necessarily exonerate the district court from providing a reasoned basis for that, correct? That's correct, Your Honor. But again, I think in this case because the guideline objections, if you want to call them that, weren't to the actual calculations, but just more of a policy consideration in combination with the other 3553A factors that the district court did in fact provide enough analysis when he cited the two 3553A factors. And if that even interrupts the government during their sentencing colloquy with regard to the applicability of one of the 3553A factors that the government was arguing, essentially saying that the sentencing disparity wasn't necessarily an argument that the government should be proceeding on. So it's very clear that the district court did consider the arguments that were made by all the parties, first because he did in fact sustain one of the objections, and second because he did cite to certain or specific 3553A factors that he was considering in determining what the appropriate sentence was. Isn't it also true that the second 3553A factor is the history and characteristics of the defendant? I mean, it's very common to be told that the defendant suffers from mental illness. You know, there's, how do you make that decision? I'm wondering if there isn't a way that you could do the 3553A analysis, you don't answer the question that's been raised by the appellant in this case. Your Honor, this court has numerous and numerous cases held that the analysis doesn't have to be extensive so long as it's clear that the court considered the 3553A factors. And in this case, it's clear that the court considered the 3553A factors, and the appellant wants more emphasis to be given to one factor, say, as opposed to another, is within the discretion of the district court. The district court may finish my sentence. The district court has the ability to weigh each of those 3553A factors and to decide which one they believe is the most important or pertinent to the case that they're sentencing for. Just one other question, if I may. As you know, the actual language of Zamorano Ponce specifically says that the statute we're talking about here, you know, falls into what we're talking about. But they did not analyze the penetration issue. But they made the statement that this is a crime of violence. That's a statutory and sentencing term. Given that language, even though they had not considered the penetration or third prong issue, is that still binding on the district court? Is that binding on us in any way? Your Honor, I don't think it actually would have been binding on the district court, because in many cases where a statute can be distinguished, the court's opinion can be distinguished. There are arguments on a daily basis that, you know, this, this, although it says this, the court didn't consider this, the court didn't consider this, essentially the same argument we have today, the court didn't consider this. So it's no, it's not binding for the purpose it's being cited for. Well, if, if we, if we were to take that position, that the Zamorano court did not consider this element, and that if we think that's a key aspect of, that has to be found in order to find Mr. Trovar Jimenez in this case, what would our remedy be, to send it back to the district court for resentencing, to consider whether or not there is in fact a crime of violence under the full analysis, or what would we be doing? Yes, that would be correct, Your Honor. It would be a remand to the district court for the court to consider the arguments that the appellant is making today, in addition to then determine whether or not there's a divisibility issue, whether or not the modified categorical can be applied, the whole spectrum of sentencing. I assume the government wants, would want that also because you may want to supplement the record. Is that the point? That's correct, Your Honor. All right. And I appreciate your candor about the applicability of Zamorano Ponce. Thank you. Thank you. You have some time for rebuttal. Yes, Your Honor. Just briefly on the procedural error argument, this Court has made clear that the RITA requirement is focused on explanation, not consideration. In the case of Trujillo, which is discussed in the 28J filed Monday, I believe that's 47, RITA and CARDI actually make it clear that when a defendant raises an argument about whether the guideline creates an unreasonable sentencing range for a particular class of defendants, which is exactly what the defendant argued here, that an explanation is required. And this Court has followed that in Trujillo, Emmett, the recent case, Kent, Mota is another case, Garcia. So this is a little bit different. Also, although the district court talked about deterrence, it really didn't make much sense, excuse me, disparity, it didn't make a whole lot of sense because the one comment the district court made at sentencing was that the guidelines create disparities, and then it based its sentence on avoidance of disparities. So if I take it that if the case were to be remanded, that issue, of course, would fall out. But we have asked you to at least address the issues because they're likely to recur on remand, and Mr. Tovar will not have an opportunity to effectively appeal and get a shorter sentence. So if you believe that there was a problem in the district court's lack of explanation of these issues, the Mason and Lesowitz article, very compelling in the way that it analyzes the 2L guideline, particularly with regard to statutory rape. In order for the defendant to get a benefit, the Court needs to say something about that. Also, on the plain error issue, this is a pure legal issue. So under Saavedra Velazquez, this Court should address it. It shouldn't leave it for the district court to do that, because, again, Mr. Tovar Jimenez is going to be in a position of not being able to get relief. This Court is in a better position to look at the legal issue. We do, however, agree that if there are more judicially noticeable documents, the government should have the opportunity to get those. She did present quite a few, but if there's something else that's out there, that should be the opportunity to present that. All right. Thank you. Thank both of you for your very helpful argument this morning and briefing. The case just argued is submitted.
judges: Robart, McKeown, Smith